UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KATHELINE PIERRE,

                        Plaintiff,

-against-                                  23-CV-3802 (LTS)

UNITED STATES OFFICE OF THE             ORDER OF DISMISSAL
COMPTROLLER OF CURRENCY;
UNITED STATES FEDERAL DEPOSIT
INSURANCE CORPORATION,

                        Defendants.

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated her federally protected rights. By order dated May 10, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff filed this complaint against the United States Federal Deposit Insurance Corporation ("FDIC"), and the United States Office of the Comptroller of Currency ("COC"). Plaintiff, who identifies herself as a "30-year-old female of European and African American descent," alleges that, in 2022 and 2023, "multiple financial institutions," including Bank of America, SunTrust Bank, Chase Bank, and Citizens Bank[1] "refused" to provide her with "codified services," including "depository, credit, and fair lending services," failed to "accommodate" her, and discriminated and retaliated against her based on her "race, color, gender."[2] (*Id.* ¶¶ 2-8.) Plaintiff reported the "misconduct" to the FDIC, COC, and the police, but no action was taken. (*Id.* ¶ 7.) Plaintiff invokes the Equal Credit Opportunity Act, 15 U.S.C. § 1691; the Fair Housing Act, 42 U.S.C. § 3402; the Electronic Fund Transfer Act, 15 U.S.C. § 1693; and the Freedom of Information Act, 5 U.S.C. § 552.

Attached to the complaint are: (1) documents showing that, in 2020, Plaintiff sought medical treatment for an automobile accident; and (2) a notice of claim that Plaintiff filed with the New York City Comptroller's Office. (ECF 1-1.) Plaintiff seeks an order directing the FDIC and the COC to direct the financial institutions mentioned in the complaint to "comply with laws and regulations," and $1.5 million in damages. (*Id.* at 5.)

---

[1] Plaintiff also asserts that a "store representative at PLS . . . refused [her] service while attempting to keep her [payroll] check." (*Id.* ¶ 16.) It is not clear what PLS is.

[2] Plaintiff previously filed two complaints, asserting some of the same claims, in the United States District Court for the Eastern District of New York, both of which were dismissed for failure to state a claim on which relief may be granted. *See Pierre v. Doe,* No. 19-CV-1521 (WFK) (VMS) (E.D.N.Y. Apr. 5, 2019); *Pierre v. Johnson*, No. 19-CV-1030 (WFK) (VMS) (E.D.N.Y. May 13, 2019).

**DISCUSSION**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not include a short and plain statement showing that she is entitled to relief. It is unclear from the allegations of the complaint why Plaintiff sues the FDIC and the COC, and it is not clear how the attachments to her complaint relate to the claims she seeks to bring.

Plaintiff also refers to various financial matters, but it is wholly unclear from the allegations of the complaint what occurred involving the various banks and creditors mentioned in the complaint, or why she seeks relief from federal agencies for these claims. The complaint thus fails to state a claim upon which relief can be granted.

Moreover, the doctrine of sovereign immunity bars federal courts from hearing all suits against the United States, including suits against federal agencies and federal officers sued in their official capacities, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United

3

States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Plaintiff has not invoked any federal statute waiving the sovereign immunity of the United States or the FDIC, and therefore, the complaint must also be dismissed because it seeks money damages from Defendants who are immune from suit.[3]

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint for failure to state a claim on which relief can be granted and because she seeks money damages against defendants who are immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] Although the Federal Tort Claims Act (FTCA) provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment, 28 U.S.C. § 1346(b)(1), the proper defendant for an FTCA claim is the United States, not a federal agency. Moreover, before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for monetary damages with the federal agency and receiving a final written determination. *See* 28 U.S.C. § 2675(a). Plaintiff alleges no facts suggesting that employees or officers of either the FDIC or the COC engaged in tortious conduct for purposes of the FTCA, and she gives no indication that she has exhausted her administrative remedies with respect to any FTCA claims.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

      The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 7, 2023
           New York, New York

                                                /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                          Chief United States District Judge